MEGAN K. SMITH (S.B. #307381)
megansmith@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 8th Floor
Los Angeles, CA 90067
Telephone: (310) 553-6700
Facsimile: (310) 246-6779

ABBY F. RUDZIN (*pro hac vice* forthcoming)
arudzin@omm.com
O'MELVENY & MYERS LLP
1301 Avenue of the Americas, 17th Floor
New York, NY 10019
Telephone: (212) 326-2033
Facsimile: (212) 326-2061

*Counsel for Plaintiffs*
*Glencairn IP Holdings Ltd. and*
*Glencairn Crystal Studio Ltd.*

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENCAIRN IP HOLDINGS LTD., and GLENCAIRN CRYSTAL STUDIO LTD., | Civil Action No. |
| Plaintiffs, | **COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| WINE-N-GEAR, | |
| Defendant. | |

Plaintiffs Glencairn IP Holdings Ltd. ("Glencairn IP") and Glencairn Crystal Studio Ltd. (together with Glencairn IP, "Glencairn"), by their attorneys, for their complaint against Defendant Wine-n-Gear, allege as follows:

### INTRODUCTION

1.      Glencairn introduced the iconic GLENCAIRN® Glass in 2001.  Glencairn intended to fill a void in the whisky tasting and drinking glass markets, the lack of a dedicated whisky glass, with the GLENCAIRN® Glass.  The product design, depicted below, became a success and is now referred to as the "Official Whisky Glass."



2.      As part of its business, Glencairn developed trademarks and trade dress to identify itself as the source of its products.  The family of trademarks owned by Glencairn IP in various classes of goods include the word mark GLENCAIRN and the trade dress for the GLENCAIRN® Glass (the "GLENCAIRN® Marks").  In addition to its common-law rights, Glencairn IP owns incontestable registered trademarks for the trade dress of the GLENCAIRN® Glass (the "GLENCAIRN® Trade Dress") and the word GLENCAIRN® (the "GLENCAIRN® Word Mark").

3.      Defendant Wine-n-Gear manufactured and offered for sale whisky glasses, depicted below, that imitate the GLENCAIRN® Glass, infringe upon and misappropriate Glencairn's exclusive rights and goodwill in the iconic GLENCAIRN® Glass, and use the trademark GLENCAIRN® without Glencairn's permission to falsely and misleadingly advertise Wine-n-Gear's products as genuine GLENCAIRN® products.



COMPLAINT
JURY TRIAL DEMANDED

1         4.      Wine-n-Gear's packaging and advertising, depicted below, for at least four

2 products—the "Whiskey Glass," the "Wee Whiskey Glass," the "Small Batch Taster," and the

3 "Whiskey Tasting Glass Gift Box" (together, the "Infringing Products")—use the word

4 GLENCAIRN® and employ images of a whisky glass identical to the GLENCAIRN® Glass.



COMPLAINT
JURY TRIAL DEMANDED





COMPLAINT
JURY TRIAL DEMANDED

1
2
3
4
5
6
7
8
9
10
11



12
13
14
15
16
17
18
19
20
21
22



23
24
25
26
27
28

COMPLAINT
JURY TRIAL DEMANDED



5.     Wine-n-Gear's Infringing Products are unlawful copies.  In addition, Wine-n-Gear is impermissibly trading on the goodwill associated with the GLENCAIRN® name, Glencairn's trade dress, and the GLENCAIRN® Glass by offering for sale Wine-n-Gear's imitations of the GLENCAIRN® Glass and using the GLENCAIRN® name in a manner that is likely to cause consumer confusion regarding the source, sponsorship, or affiliation of the Infringing Products.

6.     With this lawsuit, Glencairn seeks to stop Wine-n-Gear's infringement and to prevent Wine-n-Gear from engaging in any further infringement of the GLENCAIRN® Marks.

7.     This is an action at law and in equity for damages and injunctive relief.  Glencairn's asserts claims under federal law, state law, and common law for counterfeiting, trade dress and trademark infringement, trade dress and trademark dilution, and unfair competition.  Among other relief, Glencairn asks this Court to: (i) permanently enjoin Wine-n-Gear from manufacturing, selling, or offering for sale the Infringing Products and using the GLENCAIRN® Marks; (ii) award Glencairn monetary damages; (iii) award Glencairn treble damages; (iv) require Wine-n-Gear to disgorge all of its profits from its sales of the Infringing Products and any products advertised, marketed, or sold using the GLENCAIRN® Marks; and (v) award Glencairn exemplary damages, attorneys' fees, and costs.

COMPLAINT
JURY TRIAL DEMANDED

## THE PARTIES

8.      Glencairn IP is a foreign private limited company organized and existing under the laws of the United Kingdom, having its office and principal place of business at 1-11 Langlands Avenue, East Kilbride, Scotland, G75 0YG.

9.      Glencairn Crystal Studio Limited is a foreign private limited company organized and existing under the laws of the United Kingdom, having its office and principal place of business at 1-11 Langlands Avenue, East Kilbride, Scotland, G75 0YG.  Glencairn Crystal Studio Limited is the exclusive licensee of the rights associated with the GLENCAIRN® Marks.

10.     Wine-n-Gear is an American corporation organized and existing under the laws of California.  On information and belief, its principal place of business is 1401 21st Street, Suite R, Sacramento, California 95811.

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction over Glencairn's claims under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 1367.

12.     This Court has personal jurisdiction over Wine-n-Gear because Wine-n-Gear is incorporated in the State of California.

13.     Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Wine-n-Gear resides in this judicial district.  Venue also is proper in this district under 28 U.S.C. § 1391(b)(2) because the Infringing Products are sold and distributed from a location within this district.

## FACTUAL ALLEGATIONS

**A.      Glencairn IP Is the Sole Owner of Exclusive Rights to the GLENCAIRN® Marks.**

14.     The glass in which liquor is served plays a significant role in building the cultural and social experience associated with that liquor.  Whisky, especially single malt scotch whisky, did not have its own dedicated glass for centuries.  Whisky master blenders used a copita glass for nosing and tasting whisky, but this glass was also used for nosing other liquors as well.  In fact, the copita glass was also called a "dock glass" because it was used by buyers to nose and taste wine and spirit shipments at the dock before they accepted the shipment.

COMPLAINT
JURY TRIAL DEMANDED

15.     More than thirty years ago, Glencairn founder Raymond Davidson recognized the opportunity to introduce a distinctive glass that would be associated with drinking whisky.  Mr. Davidson took great care in designing his glass to meet the needs of whisky drinking, including the tapered mouth for nosing, while also having a design that was distinctive and attractive to consumers.  The result was the GLENCAIRN® Glass—a glass like no other before it.

16.     In 2001, Glencairn launched the GLENCAIRN® Glass into the market with a 1,500-unit production that was released at the Whisky Live event in London.  With this launch, the GLENCAIRN® Glass was born to the world.

17.     Glencairn IP owns trademark rights to the name "Glencairn."  It has obtained a federal trademark registration for the word the GLENCAIRN® Word Mark, which bears certificate Registration No. 4,336,696 (the "'696 Registration").  The  United States Patent and Trademark Office ("USPTO") registered the GLENCAIRN® Word Mark on May 21, 2013, for the international class of goods, "Beverage glassware, crystal ware and porcelain ware, namely beverage ware."



18.     The '696 Registration became incontestable on May 24, 2019.  A copy of the Certificate of Registration for the '696 Registration is attached as **Exhibit 1**.

19.     In addition to the '696 Registration, Glencairn IP has applied for a second word mark for "Glencairn," for which an application is pending bearing U.S. Serial No. 79,400,436, for international classes of goods and services 006 (bottle closures, stoppers, screwtops, etc.), 009 (computer software depicting, among other things, whisky glasses), 014 (key rings and key fobs, or other types of goods), 016 (printed matter and boxes), 021 (household goods), and many others.

20.     Glencairn IP owns rights in the distinctive GLENCAIRN® Trade Dress as well.  Glencairn IP owns two registered marks for the GLENCAIRN® Trade Dress, including the registrations bearing Registration No. 5,024,360 (the "'360 Registration") for international class of

goods 021 for "Beverage glassware, namely, whisky glasses," which was registered by the USPTO on August 23, 2016.



21.     The '360 Registration became incontestable on February 22, 2023.  A copy of the Certificate of Registration for the '360 Registration is attached as **Exhibit 2**.

22.     Glencairn has distributed and sold the GLENCAIRN® Glass, which features the GLENCAIRN® Marks, since as early as 2001.

23.     Glencairn has used the GLENCAIRN® Marks in commerce in the United States since at least September 1, 2004.  As a result of Glencairn's exclusive and continuous use of the GLENCAIRN® Trade Dress and GLENCAIRN® Word Mark, Glencairn has acquired goodwill in connection with the GLENCAIRN® Glass, and the GLENCAIRN® Marks, including the GLENCAIRN® Trade Dress and GLENCAIRN® Word Mark, have acquired distinctiveness and become famous among American consumers.

24.     The GLENCAIRN® Trade Dress and GLENCAIRN® Word Mark are distinctive, and the public recognizes and understands that the GLENCAIRN® Marks distinguish and identify the GLENCAIRN® Glass from other products.

**B.     Glencairn Extensively Uses and Has Invested Significant Money in the GLENCAIRN® Marks to Make Them Famous.**

25.     Glencairn has continuously and extensively used the GLENCAIRN® Marks in connection with both its print and online marketing, and advertising, and promotion of the

COMPLAINT
JURY TRIAL DEMANDED

GLENCAIRN® Glass in the United States and worldwide.  In fact, each GLENCAIRN® Glass is engraved with the GLENCAIRN® Word Mark.

26.     Glencairn has also invested heavily in its marketing of the GLENCAIRN® Marks. Glencairn used the GLENCAIRN® Word Mark to advertise at and supply GLENCAIRN® Glasses to whisky events and tastings across the globe, including in cities such as New York City, San Francisco, Chicago, Los Angeles, Boston, Louisville, Portland, and Seattle.  Many of these events have thousands of attendees each year and use the GLENCAIRN® Glass exclusively.  Glencairn also has supplied the GLENCAIRN® Glass to distilleries in the United States that are well known and highly regarded for whisky production, including, for instance, Brown Forman, Jim Beam, and Tuthilltown.  These distilleries hold mini shows and regular tastings of varying sizes using the GLENCAIRN® Glass and the GLENCAIRN® Word Mark.

27.     Glencairn has secured industry exposure for both the GLENCAIRN® Word Mark and the GLENCAIRN® Trade Dress through publications as well.  For example, the GLENCAIRN® Glass has appeared in *Whisky Magazine* on several occasions and was featured in *Malt Advocate* magazine in 2002.  The GLENCAIRN® Glass was also advertised for sale in Playboy Magazine in the United States and appeared in the Whiskies of the World official event program in San Francisco in 2003.

28.     The GLENCAIRN® Glass has won several awards and accolades, including The Queen's Award for Enterprise: Innovation in 2006; The Queen's Award for Enterprise: International Trade in 2012; the Scottish Marketing Award for Innovation in 2008; the National Business Award for Innovation and Marketing Excellence Award for Best Marketing Strategy; and the 17th Annual *Malt Advocate* Whisky Awards "Industry Leader of the Year."

29.     As a result of Glencairn's continuous and substantial promotion, and due to the quality of its GLENCAIRN® Glass, the GLENCAIRN® Marks have become associated with the sale of premium, specialty whisky products.  And by virtue of Glencairn's exemplary public reputation, the GLENCAIRN® Marks have acquired great value, and possess secondary meaning

COMPLAINT
JURY TRIAL DEMANDED

in the minds of the consuming public nationwide and worldwide as identifying Glencairn's superior goods and services and being associated with Glencairn exclusively.

30.     The money and effort Glencairn spent marketing the GLENCAIRN® Glass and the word GLENCAIRN® has returned financial success as well.  Since launching the GLENCAIRN® Glass with the 1,500-unit production in 2001, Glencairn's sales of the GLENCAIRN® Glass have reached more than 40 million glasses globally, with annual sales to the United States of approximately 1.7 million glasses.

**C.     Wine-n-Gear's Counterfeiting, Copying, and Infringement of the GLENCAIRN® Marks.**

31.     Wine-n-Gear manufactures, advertises, sells, and otherwise uses in commerce the Infringing Products and uses the word GLENCAIRN® to market, advertise, and sell those products.

32.     The word GLENCAIRN® used by Wine-n-Gear is identical to the GLENCAIRN® Marks and causes consumer confusion as to the nature and source or origin of the Infringing Products, particularly because Glencairn and Wine-n-Gear advertise, market, and sell the same class of products, through the same channels of trade, and to the same groups of consumers.

33.     The Infringing Products are also, on information and belief, counterfeit copies of the GLENCAIRN® Glass and the GLENCAIRN® Trade Dress.  Wine-n-Gear's advertising, marketing, and sale of the Infringing Products also causes consumer confusion as to the nature and source or origin of the Infringing Products.

34.     Wine-n-Gear is knowingly exploiting the commercial success and global recognition of the GLENCAIRN® Marks to Wine-n-Gear's commercial advantage by advertising and selling the Infringing Products and using the GLENCAIRN® Marks to sell those products.

**D.     Glencairn Demanded That Wine-n-Gear Cease and Desist Its Infringement.**

35.     Upon learning of Wine-n-Gear's impermissible use of the GLENCAIRN® Marks, Glencairn, through its counsel, promptly sent a cease-and-desist letter to Wine-n-Gear on September 4, 2024, to complain and demand that Wine-n-Gear promptly cease its unlawful activity. A copy of the September 4, 2024, letter is attached as **Exhibit 3**.

COMPLAINT
JURY TRIAL DEMANDED

36.   Wine-n-Gear never responded to Glencairn's cease-and-desist letter but, approximately a week later, on information and belief, Wine-n-Gear updated its website's advertising to remove the word GLENCAIRN® from its marketing materials.

37.   On September 11, 2024, Glencairn's counsel contacted Wine-n-Gear again about its infringement of the GLENCAIRN® Marks and, specifically, its continued advertisement of the Infringing Products on its website.  Wine-n-Gear never responded to or otherwise acknowledged that correspondence.  On information and belief, sometime in the last two weeks, Wine-n-Gear recently replaced certain Infringing Product listings on its website with different whisky glasses. A copy of the September 11, 2024, letter is attached as **Exhibit 4**.

38.   On information and belief, Wine-n-Gear continues to infringe on the GLENCAIRN® Marks by advertising, marketing, and selling counterfeit Infringing Products in various channels of sale.

39.   Wine-n-Gear had full knowledge of the existence, promotion, extensive use and substantial value of the GLENCAIRN® Marks and knew that they were owned by Glencairn IP.

40.   Wine-n-Gear knowingly, intentionally, and willfully copied the GLENCAIRN® Marks, and misappropriated Glencairn's investment, goodwill, and market share by advertising under the word GLENCAIRN® to sell the Infringing Products to would-be consumers of the GLENCAIRN® Glass.

41.   Wine-n-Gear manufactured, advertised, sold, and otherwise used in commerce an identical imitation of the GLENCAIRN® Trade Dress, using the GLENCAIRN® Word Mark, in connection with the sale of a product that directly competes with the GLENCAIRN® Glass. The Infringing Products are sold through overlapping channels of trade, including through online marketplaces.  And Wine-n-Gear offers the Infringing Products at a lower price than Glencairn sells its products, which undercuts sales of the GLENCAIRN® Glass.

42.   Wine-n-Gear began selling its Infringing Products and using the word GLENCAIRN® after Glencairn established protectable rights in the GLENCAIRN® Marks, including the GLENCAIRN® Trade Dress and GLENCAIRN® Word Mark.

COMPLAINT
JURY TRIAL DEMANDED

43.     Wine-n-Gear's copying of the GLENCAIRN® Marks is likely to deceive, confuse, and mislead actual and prospective purchasers before, during, and after purchase into believing that the whisky glass sold by Wine-n-Gear is manufactured or authorized by, or in some manner associated with Glencairn.  The Infringing Products are not manufactured by Glencairn, and neither Wine-n-Gear nor the Infringing Products are associated, affiliated, or connected with Glencairn, or licensed, authorized, sponsored, endorsed, or approved by Glencairn in any way.  And Glencairn neither authorized, licensed, sponsored, endorsed, nor approved Wine-n-Gear's use of the word GLENCAIRN®.

44.     Wine-n-Gear's deception, confusion, and misleading conduct are particularly damaging if consumers perceive a defect or lack of quality in the Infringing Products.

45.     On information and belief, Glencairn has lost sales and market share due to Wine-n-Gear's activities and misconduct.  Glencairn also believes such conduct also has caused and is causing irreparable harm to the goodwill symbolized by the GLENCAIRN® Marks, and the reputation for quality that the GLENCAIRN® Marks have acquired.

46.     On information and belief, Wine-n-Gear has sold, and ordered from the manufacturer to import and sell, thousands of the Infringing Products, using the word GLENCAIRN®, from which Wine-n-Gear stands to earn hundreds of thousands of dollars.  Wine-n-Gear has thus acted in bad faith, with malicious intent, and in knowing disregard of Glencairn's rights.

### FIRST CLAIM FOR RELIEF

### (Counterfeiting – Lanham Act § 32, 15 U.S.C. § 1114)

47.     Glencairn repeats and incorporates by reference the allegations set forth in paragraphs 1 through 46 above.

48.     Glencairn owns the GLENCAIRN® Marks, and its federally registered trademarks for the GLENCAIRN® Marks are incontestable.

49.     Wine-n-Gear's unauthorized use of trademarks and a trade dress that are identical to, or substantially indistinguishable from the GLENCAIRN® Marks in connection with the

promotion and sale and distribution of the Infringing Products, which are identical to, or substantially indistinguishable from, the GLENCAIRN® Glass, is likely to cause confusion, mistake, or deception as to the source or sponsorship of the Infringing Products, and is likely to deceive the public into believing that the Infringing Products are genuine GLENCAIRN® Glasses, are sponsored, endorsed, or approved by Glencairn, are subject to Glencairn's quality control measures, or are otherwise associated with Glencairn.

50.     Wine-n-Gear's conduct is intentional, reckless, and willful, and demonstrates an intent to trade on the goodwill associated with the GLENCAIRN® Marks.

51.     Wine-n-Gear's use of marks identical to, or substantially indistinguishable from, the GLENCAIRN® Marks in the manner described herein constitutes use of counterfeit marks, as that term is defined in section 34(d)(1)(B) of the Lanham Act, 15 U.S.C. § 1116(d)(1)(B).

52.     Wine-n-Gear's conduct has caused and, unless enjoined by this court, will continue to cause Glencairn irreparable injury.  This injury includes a reduction in the distinctiveness of the GLENCAIRN® Marks and injury to Glencairn's reputation that cannot be remedied through damages.  Glencairn has no adequate remedy at law and is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

53.     Under 15 U.S.C. § 1117(a), Glencairn is also entitled to recover (i) Wine-n-Gear's profits, (ii) Glencairn's ascertainable damages, and (iii) Glencairn's costs of suit.  Furthermore, Wine-n-Gear's willful infringement of the GLENCAIRN® Word Mark without excuse or justification renders this an exceptional case and entitles Glencairn to its reasonable attorney fees.

54.     Under 15 U.S.C. § 1117(b), Glencairn is also entitled to recover treble damages of the greater of Wine-n-Gear's profits or Glencairn's damages, and to prejudgment interest.

55.     Alternatively, pursuant to 15 U.S.C. § 1117(c), Glencairn is entitled to recover statutory damages for Wine-n-Gear's willful use of counterfeit marks.

COMPLAINT
JURY TRIAL DEMANDED

**SECOND CLAIM FOR RELIEF**

**(Infringement – Lanham Act § 32, 15 U.S.C. § 1114)**

56.     Glencairn repeats and incorporates by reference the allegations set forth in paragraphs 1 through 55 above.

57.     Glencairn owns the GLENCAIRN® Marks, and its federally registered trademarks for the GLENCAIRN® Marks are incontestable.

58.     Wine-n-Gear's unauthorized use of a confusingly similar imitation of the GLENCAIRN® Marks is likely to cause confusion, mistake, and deception by creating the false and misleading impression that the Infringing Products are manufactured or distributed by Glencairn, are associated, affiliated, or connected with Glencairn, or have the sponsorship, endorsement, or approval of Glencairn.

59.     The aforesaid conduct constitutes trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

60.     Wine-n-Gear's conduct demonstrates a willful violation of Glencairn's rights and an intent to trade on the goodwill associated with the GLENCAIRN® Marks.

61.     Wine-n-Gear's conduct has caused and, unless enjoined by this court, will continue to cause Glencairn irreparable injury.  This injury includes a reduction in the distinctiveness of the GLENCAIRN® Marks and injury to Glencairn's reputation that cannot be remedied through damages.  Glencairn has no adequate remedy at law and is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

62.     Under 15 U.S.C. § 1117(a), Glencairn is also entitled to recover (i) Wine-n-Gear's profits, (ii) Glencairn's ascertainable damages, and (iii) Glencairn's costs of suit.  Furthermore, Wine-n-Gear's willful infringement of the GLENCAIRN® Marks without excuse or justification renders this an exceptional case and entitles Glencairn to its reasonable attorney fees.

COMPLAINT
JURY TRIAL DEMANDED

**THIRD CLAIM FOR RELIEF**

**(Federal Unfair Competition – Lanham Act § 43(a), 15 U.S.C. § 1125(a))**

63.     Glencairn repeats and incorporates by reference the allegations set forth in paragraphs 1 through 62 above.

64.     Glencairn owns the GLENCAIRN® Marks, which consumers recognize as a designation of source of Glencairn's products.

65.     Through the use of a confusingly similar imitation of the GLENCAIRN® Trade Dress that is marketed, advertised, and sold, including by using the GLENCAIRN® Word Mark, Wine-n-Gear has knowingly and intentionally misrepresented and falsely designated to the general public the origin, sponsorship, and approval of the Infringing Products and the word GLENCAIRN® and the affiliation, connection, and association of Wine-n-Gear with Glencairn, so as to create a likelihood of confusion among the public as to the origin, sponsorship, and approval of the Infringing Products.

66.     The aforesaid conduct constitutes false endorsement, false designation of origin, and unfair competition in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

67.     Wine-n-Gear's conduct demonstrates a willful violation of Glencairn's rights and an intent to trade on the goodwill associated with the GLENCAIRN® Marks.

68.     Wine-n-Gear's conduct has caused and, unless enjoined by this court, will continue to cause Glencairn irreparable injury.  This injury includes a reduction in the distinctiveness of the GLENCAIRN® Marks, and injury to Glencairn's reputation that cannot be remedied through damages.  Glencairn has no adequate remedy at law and is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

69.     Under 15 U.S.C. § 1117(a), Glencairn is also entitled to recover (i) Wine-n-Gear's profits, (ii) Glencairn's ascertainable damages, and (iii) Glencairn's costs of suit.  Furthermore, Wine-n-Gear's willful infringement of the GLENCAIRN® Marks, without excuse or justification renders this an exceptional case and entitles Glencairn to its reasonable attorney fees.

COMPLAINT
JURY TRIAL DEMANDED

**FOURTH CLAIM FOR RELIEF**

**(Dilution – Lanham Act § 43(a), 15 U.S.C. § 1125(c))**

70.     Glencairn repeats and incorporates by reference the allegations set forth in paragraphs 1 through 69 above.

71.     Glencairn has used the GLENCAIRN® Marks in commerce in the United States since at least September 1, 2004.

72.     The relevant consuming market of the United States widely recognizes the GLENCAIRN® Marks as distinctive and famous.

73.     Through the use, advertisement, marketing, and sale of confusingly similar imitations of the GLENCAIRN® Marks, Wine-n-Gear has knowingly and intentionally misrepresented and falsely designated to the general public the origin, sponsorship, and approval of the Infringing Products and the affiliation, connection, and association of Wine-n-Gear with Glencairn, so as to create a likelihood of confusion among the public as to the origin, sponsorship, and approval of the Infringing Products and the affiliation, connection, and association of Wine-n-Gear with Glencairn.

74.     Wine-n-Gear's unauthorized use of a substantially similar imitation of the GLENCAIRN® Marks for the inferior Infringing Products also is likely to tarnish and degrade consumers' positive quality associations with the GLENCAIRN® Marks.

75.     The aforesaid conduct constitutes both trade dress dilution by blurring and dilution by tarnishment in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

76.     Wine-n-Gear's conduct demonstrates a willful violation of Glencairn's rights and an intent to trade on the goodwill associated with the and GLENCAIRN® Marks.

77.      Wine-n-Gear's conduct has caused and, unless enjoined by this court, will continue to cause Glencairn irreparable injury.  This injury includes a reduction in the distinctiveness and the dilution of the GLENCAIRN® Marks, and injury to Glencairn's reputation that cannot be remedied through damages.  Glencairn has no adequate remedy at law and is therefore entitled to injunctive relief pursuant to pursuant to 15 U.S.C. § 1125(c)(1) and 15 U.S.C. § 1116.

COMPLAINT
JURY TRIAL DEMANDED

78.    Under 15 U.S.C. § 1117(a), Glencairn is also entitled to recover (i) Wine-n-Gear's profits, (ii) Glencairn's ascertainable damages, and (iii) Glencairn's costs of suit.  Furthermore, Wine-n-Gear's willful infringement of the GLENCAIRN® Trade Dress without excuse or justification renders this an exceptional case and entitles Glencairn to its reasonable attorney fees.

**FIFTH CLAIM FOR RELIEF**

**(Dilution – Cal. Bus. & Prof. Code § 14247)**

79.    Glencairn repeats and incorporates by reference the allegations set forth in paragraphs 1 through 78 above.

80.    Glencairn has used the GLENCAIRN® Marks in commerce in the United States since at least September 1, 2004.

81.    The relevant consuming market of the United States and the state of California widely recognizes the GLENCAIRN® Marks as distinctive and famous.

82.    Through the use, advertisement, marketing, and sale of confusingly similar imitations of the GLENCAIRN® Marks, Wine-n-Gear is likely to erode the public's exclusive identification of the distinctive GLENCAIRN® Marks with Glencairn and otherwise lessen the capacity of the GLENCAIRN® Marks to identify and distinguish Glencairn's goods and services.

83.    Wine-n-Gear's unauthorized use of a substantially similar imitations of the GLENCAIRN® Marks for the inferior Infringing Products also is likely to tarnish and degrade consumers' positive quality associations with the GLENCAIRN® Marks.

84.    The aforesaid conduct constitutes trade dress dilution in violation of Section 14247 of the California Business & Professions Code.

85.    Wine-n-Gear's conduct demonstrates a willful violation of Glencairn's rights and an intent to trade on the goodwill associated with the GLENCAIRN® Marks.

86.    Wine-n-Gear's conduct has caused and, unless enjoined by this court, will continue to cause Glencairn irreparable injury.  This injury includes a reduction in the distinctiveness of the GLENCAIRN® Marks and injury to Glencairn's reputation that cannot be remedied through damages.  Glencairn has no adequate remedy at law and is therefore entitled to injunctive relief.

COMPLAINT
JURY TRIAL DEMANDED

**SIXTH CLAIM FOR RELIEF**

**(Unfair Competition – Cal. Bus. & Prof. Code § 17200 *et seq*.)**

87.     Glencairn repeats and incorporates by reference the allegations set forth in paragraphs 1 through 86 above.

88.     Wine-n-Gear's acts, as alleged above and below, constitute unlawful and/or unfair business practices in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq*., because Wine-n-Gear's marketing, advertisement, and sale of nearly identical imitations of the GLENCAIRN® Marks in California are likely to confuse consumers as to the source, origin, or affiliation of Wine-n-Gear's services, to misrepresent the nature, characteristics, or qualities of the Infringing Products and the word GLENCAIRN®, and/or to deceive or have a tendency to deceive a substantial segment of consumers into believing that the Infringing Products and the word GLENCAIRN® have the nature, characteristics, or qualities of the GLENCAIRN® Glass and that the Infringing Products are genuine GLENCAIRN® Glasses.

89.     Wine-n-Gear is knowingly and intentionally misleading or deceiving the public as to the origin, sponsorship, and approval of the Infringing Products and the word GLENCAIRN® and the affiliation, connection, and association with the GLENCAIRN® Glass.

90.     Wine-n-Gear's conduct demonstrates a willful violation of California law and an intent to unfairly trade on the goodwill associated with the GLENCAIRN® Marks.

91.     Wine-n-Gear's acts of unfair competition in the State of California have caused Glencairn irreparable injury.  Glencairn is informed and believes that unless the conduct is enjoined by this Court, Wine-n-Gear will continue those activities to the continued and irreparable injury of Glencairn.  This injury includes a reduction in the distinctiveness of the GLENCAIRN® Marks, and injury to Glencairn's reputation among a substantial segment of the public that cannot be remedied through damages.

92.     Glencairn has no adequate remedy at law and is therefore is entitled to a preliminary and permanent injunction restraining and enjoining Wine-n-Gear and its agents, servants, employees, and all persons acting thereunder, in concert with, or on their behalf, from using in

COMPLAINT
JURY TRIAL DEMANDED

commerce the Infringing Products or the word GLENCAIRN® or any colorable imitation of or variation that is confusingly similar to the GLENCAIRN® Marks.

93.     As a direct and proximate result of Wine-n-Gear's statutory unfair competition, Wine-n-Gear has been unjustly enriched in an amount to be determined at trial. Glencairn has no adequate remedy at law and is therefore entitled to recover restitution.

## SEVENTH CLAIM FOR RELIEF

### (Common-Law Infringement)

94.     Glencairn repeats and incorporates by reference the allegations set forth in paragraphs 1 through 93 above.

95.     Glencairn has used the GLENCAIRN® Marks in commerce in the United States since at least September 1, 2004.

96.     The relevant consuming market of the United States widely recognizes the distinctive GLENCAIRN® Marks as a designation of source.

97.     Wine-n-Gear's unauthorized use of confusingly similar imitations of the GLENCAIRN® Marks is likely to cause confusion, mistake, and deception by creating the false and misleading impression that the Infringing Products are manufactured or distributed by Glencairn, are associated, affiliated, or connected with Glencairn, or have the sponsorship, endorsement, or approval of Glencairn.

98.     The aforesaid conduct constitutes trade dress infringement under California common law.

99.     Wine-n-Gear's conduct demonstrates a willful violation of Glencairn's rights and an intent to trade on the goodwill associated with the GLENCAIRN® Marks.

100.    Wine-n-Gear's conduct has caused and, unless enjoined by this court, will continue to cause Glencairn irreparable injury.  This injury includes a reduction in the distinctiveness of the GLENCAIRN® Marks and injury to Glencairn's reputation that cannot be remedied through damages.  Glencairn has no adequate remedy at law and is therefore entitled to injunctive relief.

COMPLAINT
JURY TRIAL DEMANDED

101.    Glencairn is also entitled to recover, at a minimum, (i) Wine-n-Gear's profits, (ii) Glencairn's ascertainable damages, and (iii) Glencairn's costs of suit.

102.    In light of Wine-n-Gear's willful infringement of the GLENCAIRN® Marks without excuse or justification, Glencairn is additionally entitled to punitive damages.

**EIGHTH CLAIM FOR RELIEF**

**(Common-Law Unfair Competition)**

103.    Glencairn repeats and incorporates by reference the allegations set forth in paragraphs 1 through 102 above.

104.    Glencairn has invested substantial time, money, effort, and skill to develop the high-quality product that is the GLENCAIRN® Glass, and generate recognition of the GLENCAIRN® Glass among the consuming public.  Through those efforts, Glencairn has built up valuable goodwill in the GLENCAIRN® Marks.

105.    By producing, using, and selling confusingly similar imitations of the GLENCAIRN® Marks, Wine-n-Gear has intentionally misappropriated the goodwill associated with the GLENCAIRN® Marks for Wine-n-Gear's advantage and is exploiting Glencairn's reputation in the market.

106.    The aforesaid conduct constitutes unfair competition under California common law.

107.    Wine-n-Gear's conduct demonstrates a willful violation of California law and an intent to unfairly trade on the goodwill associated with the GLENCAIRN® Marks.

108.    Wine-n-Gear's conduct has caused and, unless enjoined by this court, will continue to cause Glencairn irreparable injury.  This injury includes a reduction in the distinctiveness of the GLENCAIRN® Marks, and injury to Glencairn's reputation that cannot be remedied through damages.  Glencairn has no adequate remedy at law and is therefore entitled to injunctive relief.

109.    Glencairn is also entitled to recover, at a minimum, (i) Wine-n-Gear's profits, (ii) Glencairn's ascertainable damages, and (iii) Glencairn's costs of suit.

COMPLAINT
JURY TRIAL DEMANDED

110.    In light of Wine-n-Gear's willful misappropriation of the goodwill associated with the GLENCAIRN® Marks with malice and oppression, Glencairn is additionally entitled to punitive damages.

### PRAYER FOR RELIEF

WHEREFORE, Glencairn respectfully requests that this Court:

a)    Permanently enjoin Wine-n-Gear, its agents, servants, officers, directors, employees, representatives, successors, and assigns, and all others acting in concert or participation with Wine-n-Gear, from manufacturing, selling, or offering for sale the Infringing Products or any colorable imitations or variations that are confusingly or substantially similar to the GLENCAIRN® Glass and GLENCAIRN® Trade Dress;

b)    Permanently enjoin Wine-n-Gear, its agents, servants, officers, directors, employees, representatives, successors, and assigns, and all others acting in concert or participation with Wine-n-Gear, from advertising, marketing, or otherwise using the  word GLENCAIRN® or any colorable imitation or variation that is confusingly or substantially similar to the GLENCAIRN® Word Mark;

c)    Award Glencairn its ascertainable damages, costs, and attorney fees;

d)    Award Glencairn treble damages;

e)    Award Glencairn Wine-n-Gear's profits attributable to the Infringing Products and its use of the word Glencairn;

f)    Award Glencairn injunctive relief and damages, costs, and attorney fees attributable to the dilution of the GLENCAIRN® Marks;

g)    Award Glencairn punitive damages to the extent permitted by law;

h)    Award prejudgment interest on damages;

i)    Order that all merchandise, products, business forms, packaging, labels, signs, advertisements, brochures, promotional materials and other printed materials that

COMPLAINT
JURY TRIAL DEMANDED

embody, incorporate, or bear the infringing GLENCAIRN® Marks be recalled and delivered to Glencairn;

j)      Order that Wine-n-Gear be required to deliver up for destruction all merchandise, products, stationery, business forms, packaging, labels, signs, advertisements, brochures, promotional materials and other printed materials which bear the infringing GLENCAIRN® Marks; and

k)      Grant such other and further relief to Glencairn as the Court deems just and appropriate under the circumstances.

**DEMAND FOR JURY TRIAL**

Glencairn demands a jury trial on all issues so triable.

COMPLAINT
JURY TRIAL DEMANDED

Dated: October 7, 2024

MEGAN K. SMITH
ABBY F. RUDZIN (*pro hac vice* forthcoming)
O'MELVENY & MYERS LLP


By: */s/ Megan K. Smith*
Megan K. Smith

*Counsel for Plaintiffs*
*Glencairn IP Holdings Ltd. and*
*Glencairn Crystal Studio Ltd.*

COMPLAINT
JURY TRIAL DEMANDED